**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | |
| *Plaintiff*, | : | 20-cv-0276-JMY |
| | : | |
| **v.** | : | |
| | : | |
| **MEDRESCUE AMBULANCE, INC.** | : | |
| *Defendant*. | : | |

**ORDER**

AND NOW, this 11th day of February, 2022, upon consideration of the Motion for Default Judgment (ECF NO. 6) filed by the Plaintiff, it is hereby ORDERED that said Motion shall be GRANTED and judgment is entered in favor of Plaintiff, United States of America, on behalf of its Agency, the Department of Treasury, against Defendant, MedRescue Ambulance, Inc., in the amount of $1,574,015.91.[1]

Judgment is to accrue interest at the current legal rate, compounded annually until paid in full.

BY THE COURT:

/s/ John Milton Younge
Judge John Milton Younge

---

[1] On January 13, 2020, the United States of American, on behalf of its agency, the Department of Treasury, filed the Complaint in this matter in which it seeks to recover money owed by MedRescue Ambulance, Inc., (hereinafter "MedRescue") for services provided in connection with the Centers for Medicare and Medicaid Services. (Complaint, ECF No. 1.) The United States then filed an Affidavit of Service which indicates that the Complaint was purportedly served on Stanislav Entus at 4706 Brookside Avenue in Bristol, Pennsylvania on March 16, 2020. (ECF No. 2.) A search of the Pennsylvania Department of State's webpage indicates that Stanislav Entus is the President of MedRescue. (https://www.corporations.pa.gov/Search/CorpSearch (enter search term MedRescue Ambulance Service, Inc).) The United States filed a Request for Default (ECF No. 4) which the Clerk of Court entered on July 22, 2020.

The Court is satisfied that the United States has met it evidentiary burden for establishing that it obtained proper service of process on MedRescue to establish personal jurisdiction, and it will grant the motion for default judgment. Regardless of the technicalities of service of process, MedRescue was presumably aware of the debt that it owed the United States in connection with Medicare and Medicaid Services. Therefore, the Court finds valid service of process on MedRescue's President, Stanislav Entus.

After the Clerk enters default, a court may enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. See Fed. R. Civ. P. 55(b)(2). Three factors control whether to enter a default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

When, as here, a defendant has failed to appear or respond to the Complaint, this analysis is straightforward. Denying the motion prejudices the United States in its ability to effectively pursue its claims. *See Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984) (listing specific examples of prejudice). Because MedRescue has failed to appear, the Court may presume that it lacks a legitimate defense. *See Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 53 (3d Cir. 2003) (Rendell, J., concurring) ("[I]t makes little sense for a plaintiff to be required to demonstrate that the defendant does not have meritorious defenses when the defendant has failed to respond."); *Carroll v. Stettler*, No. 10-2262, 2012 U.S. Dist. LEXIS 113660 *3 (E.D. Pa. Aug. 10, 2012). MedRescue's refusal to engage in the litigation process is culpable conduct meriting entry of a default judgment. *See Eastern Elec. Corp. of New Jersey v. Shoemaker Constr. Co.*, No. 08-3825, 657 F. Supp. 2d 545, 554 (E.D. Pa. 2009). Once a court grants a motion for default judgment, it must then calculate the appropriate damages. *See Comdyni I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). At this point, all factual allegations in the Complaint, "except those relating to the amount of damages," are deemed true. *Id.* If a court can calculate damages with certainty from documentary evidence or in detailed affidavits, it need not hold a hearing. *See Durant v. Husband*, 28 F.3d 12, 15 (3d Cir. 1994); *accord Rainey v. Diamond State Port Copr.*, 354 F. App'x 722, 724 (3d Cir. 2009).

The Complaint in conjunction with Certificate of Indebtedness signed by Ashleigh N. Edmonds of the U.S. Department of the Treasury established that MedRescue owed at least $1,436,193.59 plus interest calculated in at a rate of 10.25% annually as of November 13, 2019. (Complaint, Ex. A., Certificate of Indebtedness, ECF No. 1 page 7.) Therefore, entry of a judgment in the amount of $1,574,015.91 is fair and reasonable and can be calculated with reasonable certainty. Fed. R. Civ. P. 55(b)(2) governs that "if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted."